# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM E. FODOR, SABIN G. BARENDT, DONALD D'AMICO,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN SANDOVAL, et al.,<br><br>Defendants. | Case No. 3:13-cv-00366-RCJ-WGC<br><br>**ORDER** |

    Plaintiffs have submitted a combined motion for temporary restraining order and preliminary injunction. Plaintiff Fodor has submitted an application to proceed in forma pauperis (#1). The court dismisses plaintiffs Barendt and D'Amico because they have not submitted applications to proceed in forma pauperis, nor have they each paid the filing fee of $350.00. Given the nature of the case, plaintiffs Barendt and D'Amico would not have a problem with the timeliness of a promptly commenced subsequent action.[1]

    The standard for granting a temporary restraining order is the same as the standard for granting a preliminary injunction. Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,

---

[1] In all likelihood, even if the court was not dismissing this action, it would sever plaintiffs Barendt and D'Amico from this action. Plaintiff Fodor, who styles himself as the lead plaintiff, cannot represent the other two plaintiffs. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). Each plaintiff would need to sign every document filed with the court. The realities of prison life would make it difficult for plaintiffs to comply with this fundamental requirement in the time allowed for briefing on a motion. If the plaintiffs are transferred to different prisons, it would become impossible for plaintiffs to comply. If one plaintiff files a separate motion, Rule 5 of the Federal Rules of Civil Procedure requires him to serve the motion upon the other two plaintiffs. Again, this would be difficult, if not impossible for that plaintiff to do.

181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff Fodor alleges that he is a kosher Jew. He further alleges that the Nevada Department of Corrections has contracted with Scroll K Vaad Hakashrus, a kosher certification agency for the latter to certify that a new common-fare diet prepared in his prison's kitchens will be kosher. Before the development of the common-fare diet, people on a kosher diet were served kosher, pre-packaged food that was prepared off-site. Plaintiff Fodor alleges that the new procedures violate the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

Plaintiff Fodor does not meet the standard for granting preliminary injunctive relief. It is unclear from the motion and the affidavits whether he is likely to succeed on the merits or that he is likely to suffer irreparable harm. He does not allege that the food he is being served does not comply with the laws governing kosher food. He only alleges that he does not believe that the culinary facility could maintain its certification once the observers from Scroll K Vaad Hakashrus leave the facility. This is nothing more than speculation. Plaintiff Fodor also alleges that meat and dairy products are being served at the same meal, in violation of the rule that the two be separate. However, plaintiff does not allege any specific facts that would indicate that the meat and dairy products are, indeed, inseparable. Finally, plaintiff alleges that he has seen mice in the culinary facilities and that the dietician of the Nevada Department of Corrections expressed some concern about the nutritional content and variety of the common-fare diet. However, sanitation and nutrition are complaints that any prisoner could make. Nothing in the motion indicates that the rules of kosher food require greater efforts at keeping a clean kitchen and providing a better balance of calories and nutrients.

The court also is not persuaded by plaintiff Fodor's complaint that Scroll K Vaad Hakashrus is not an authority on his sincerely held religious beliefs. The Religious Land Use and Institutionalized Persons Act does not allow a state such as Nevada from placing a substantial

burden upon plaintiff's religious exercise, unless the substantial burden is in furtherance of a compelling governmental interest and is the least-restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a).  The court is not prepared to rule, based upon the lack of evidence before it, that kosher certification by an agency that plaintiff Fodor does not prefer amounts to a substantial burden on the exercise of his religion.

Plaintiff Fodor did not commence this action correctly.  "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.  The combined motion for temporary restraining order and preliminary injunction is not on the court's required complaint form.  LSR 2-1.  The motion also does not contain a claim for relief that satisfies the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  The court has reviewed the motion to determine whether emergency relief was necessary, but the court will not construe the motion to be a complaint, and no complaint has arrived in the time after plaintiff Fodor has submitted the motion.  Consequently, the court will dismiss the action without prejudice to plaintiff Fodor, and the already dismissed plaintiff's Barendt and D'Amico, from commencing new actions with complaints on the court's form.

IT IS THEREFORE ORDERED that plaintiffs Barendt and D'Amico are **DISMISSED** from this action for failure to file applications to proceed in forma pauperis or to pay the filing fee.

IT IS FURTHER ORDERED that plaintiff Fodor's combined motion for temporary restraining order and preliminary injunction is **DENIED**.

IT IS FURTHER ORDERED that plaintiff Fodor's application to proceed in forma pauperis (#1) is **DENIED**.

IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice to each plaintiff's commencement of a new action.  In any such new action, each plaintiff will need to file a complaint and either pay the filing fee in full or submit a complete application to proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his inmate account.  The clerk of the court shall enter judgment accordingly.

1  IT IS THEREFORE ORDERED that the clerk of the court shall send plaintiffs Fodor, Barendt, and D'Amico each a blank form for an application to proceed in forma pauperis for incarcerated litigants and a blank civil rights complaint form with instructions.

Dated:   August 21, 2013.

_____
ROBERT C. JONES
Chief United States District Judge